UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSICA A. B.,

               Plaintiff,

   v.                                                5:24-cv-00809 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

---

**APPEARANCES:**                                          **OF COUNSEL:**

**OLINSKY LAW GROUP**                       **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **GEOFFREY M. PETERS, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       On June 25, 2024, Plaintiff Jessica A. B.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her application for disability insurance benefits and supplemental income for lack of disability ("Complaint").  Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on August 25, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 18, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 20 ("Report-Recommendation").  Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 26.  Plaintiff filed timely objections on September 8, 2025, Dkt. No. 21, and the Commissioner filed a response to Plaintiff's objections on September 18, 2025.  Dkt. No. 22.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See id.* at 229 (citing Fed. R.

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Plaintiff makes three objections in her submission. Plaintiff previously made each of these three arguments before Magistrate Judge Dancks. *Compare* Dkt. No. 21 at 2-3, *with* Dkt. No. 11 at 11-16 and Dkt No. 19 at 2-3; *compare* Dkt. No. 21 at 4-8, *with* Dkt. No. 11 at 16-22 and Dkt. No. 19 at 3-4; *compare* Dkt. No. 21 at 8-15, *with* Dkt. No. 11 at 22-27 and Dkt No. 19 at 4-5. As a result, Plaintiff's objections are subject to clear error review.

First, Plaintiff objects to Magistrate Judge Dancks' finding that the ALJ properly considered Plaintiff's mental limitations in concentration, persistence, and pace when determining that Plaintiff should be limited to simple tasks in work. *See* Dkt. No. 21 at 2-3. Specifically, Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination failed to incorporate the medical opinions of the state agency reviewers and treating providers, who determined that Plaintiff had moderate and greater limitations, respectively, in concentration, persistence, and pace. *Id*. at 2. In the Report-Recommendation, Magistrate Judge Dancks concluded that the ALJ's RFC determination limiting Plaintiff to simple, routine tasks

3

appropriately reflected the ALJ's finding of moderate limitation in concentrating, persisting, and maintaining pace. Dkt. No. 20 at 11. Specifically, the ALJ found moderate limitations in concentration, persistence, and maintaining pace after weighing Plaintiff's reported attention difficulties against Plaintiff's medical records showing no ongoing fatigue or deficits in attention, concentration, or memory. *Id.* at 8-9; *see also Bliss v. Colvin*, 13-cv-1086, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) (finding that the ALJ has the discretion "to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such"). Magistrate Judge Dancks found that where the ALJ's RFC implicitly accounts for Plaintiff's actual limitations or where the medical evidence demonstrates that Plaintiff can engage in simple tasks, an ALJ need not incorporate limitations specific to concentration, persistence, and pace. Dkt. No. 20 at 11; *see also Richard H. v. Saul*, 19-cv-128, 2020 WL 467734, at *9 (N.D.N.Y. Jan. 29, 2020) (finding that the ALJ properly considered and incorporated evidence of moderate limitations in concentration and persistence by limiting the plaintiff to "simple, routine and repetitive non-complex tasks"). In other words, Magistrate Judge Dancks concluded that moderate limitations do not prohibit a plaintiff from performing unskilled work. Dkt. No. 20 at 10-11 (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)). Accordingly, the Court finds no clear error in the treatment of this argument in the Report-Recommendation.

Second, Plaintiff objects to Magistrate Judge Dancks' finding that the ALJ failed to properly evaluate the opinions of Elizabeth Franger, a Licensed Marriage and Family Therapist ("LMFT"). Dkt. No. 21 at 4. In the Report-Recommendation, Magistrate Judge Dancks concluded that substantial evidence supported the ALJ's findings with respect to LMFT Franger's opinions. Dkt. No. 20 at 18, 22. In evaluating the supportability factor, Magistrate Judge Dancks concluded that the ALJ properly assessed the supportability of LMFT Franger's April 7, 2021 opinion and

4

reasonably deemed it unpersuasive because the opinion did not include any specific clinical findings or narrative explanation to support its conclusions. *Id.* at 14; *see also Loni S. v. Comm'r of Soc. Sec.*, 22-cv-805, 2023 WL 4195887, at *14 (N.D.N.Y. June 27, 2023) (noting that "[t]he supportability factor requires an ALJ to ask whether a medical source provided supporting explanations for his or her opinion"). Likewise, Magistrate Judge Dancks concluded that the ALJ properly assessed the supportability of LMFT Franger's July 20, 2023 opinion, finding it only somewhat persuasive because Plaintiff's mental status examinations were "generally normal," Plaintiff reported no side effects from her medications, and she received no increases to her medications. Dkt. No. 20 at 20-21.

Regarding the consistency factor, Magistrate Judge Dancks found that the ALJ appropriately considered LMFT Franger's opinion as to Plaintiff's limitations to the extent that it was consistent with the overall medical record, including Plaintiff's ongoing mental health treatment, and reported activities of daily living. *See id.* at 14, 21-22. Specifically, the ALJ found that Plaintiff's daily activities of cooking, working out, traveling, and other social and physical activities were inconsistent with LMFT Franger's opinion as to Plaintiff's limitations. *Id.* at 17. Plaintiff's examinations from therapists and primary care providers were also inconsistent with LMFT Franger's opinion, as they showed no signs of ongoing psychiatric abnormalities. *Id.* at 16-17; *see also Joshua L. T. v. Comm'r of Soc. Sec.*, 23-cv-0082, 2024 WL 308521, at *8 (N.D.N.Y. Jan. 26, 2024) (upholding the ALJ's discounting of opinions that were contradicted by "largely normal" mental examinations and the range of the plaintiff's reported daily activities). For these reasons, Magistrate Judge Dancks concluded that the ALJ properly analyzed the supportability and consistency factors when evaluating LMFT Franger's opinions. Accordingly, the Court finds no clear error in the Report-Recommendation's treatment of LMFT Franger's medical opinions.

Third, Plaintiff objects to Magistrate Judge Dancks' finding that the ALJ properly relied on the Medical-Vocational Guidelines (the "Grid") without consulting a vocational expert. Dkt. No. 21 at 8. In the Report-Recommendation, Magistrate Judge Dancks concluded that the ALJ appropriately determined that vocational expert testimony was not required for the purpose of evaluating Plaintiff's RFC. *See* Dkt. No. 20 at 25-26. While sole reliance on the Grid may be precluded where a plaintiff's "exertional impairments are compounded by significant non-exertional impairments," *see id.* at 23, an ALJ's determination of whether such significant non-exertional impairments exist is subject to deferential review. *See Shawn C. v. Comm'r of Soc. Sec.*, 20-cv-1378, 2022 WL 17037624, at *5 (W.D.N.Y. Nov. 17, 2022) (citing *Jordan v. Comm'r of Soc. Sec.*, 194 F. App'x 59, 61 (2d Cir. 2006) (summary order)). Magistrate Judge Dancks noted that Plaintiff's non-exertional limitations do not require vocational expert testimony where they do not significantly impact the occupational base of unskilled work. Dkt. No. 20 at 24-25; *see also Zabala*, 595 F.3d at 411 (finding that the plaintiff's non-exertional limitations "did not result in an additional loss of work capacity" where the plaintiff's mental condition "did not limit her ability to perform unskilled work"). Here, the ALJ found that Plaintiff's non-exertional RFC limitations did not narrow the occupational base of light, unskilled work so as to deprive Plaintiff of meaningful employment opportunities. *See Bridget S. v. Kijakazi*, 20-cv-1440, 2022 WL 2046364, at *12-13 (N.D.N.Y. June 7, 2022) (concluding vocational expert testimony was not required where the "plaintiff's non-exertional impairments did not significantly erode the available occupational base for unskilled light work," given that the plaintiff was capable of performing work that involved "occasional decision-making, occasional changes in the work setting, and occasional use of judgment") (internal quotation marks omitted). Accordingly, Magistrate Judge Dancks concluded that the ALJ's reliance on the Grid without vocational expert testimony was

proper. For these reasons, the Court finds no clear error in the treatment of this argument in the Report-Recommendation.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 20, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 25, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge